## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE PHOENIX INSURANCE COMPANY, | Civil Action No. 17cv397 |
| Plaintiff, |  |
| v. | **COMPLAINT** |
| THE HUDSON GROUP OF NEW JERSEY, LLC, |  |
| Defendant. |  |

Plaintiff The Phoenix Insurance Company, by way of Complaint against Defendant The Hudson Group of New Jersey, LLC, says:

### JURISDICTIONAL ALLEGATIONS

1.      Plaintiff The Phoenix Insurance Company ("Plaintiff") is an insurance carrier organized under the laws of the State of Connecticut with a principal place of business at One Tower Square, Hartford, Connecticut.   Plaintiff is authorized to transact business in the State of New York.

2.      Defendant The Hudson Group Of New Jersey, LLC ("Defendant") is a limited liability company organized under the laws of the State of New Jersey with a principal place of business at 336 West 37th Street, Suite 510, New York, New York.

3.      Upon information and belief, Dawn Scotto is the sole principal of Defendant.  Upon information and belief, Ms. Scotto has a principal place of residence at 458 Greenway Dr., Leonia, New Jersey.

4.    The amount in controversy between the parties is in excess of $75,000.

5.    Jurisdiction is based on diversity of citizenship under 28 U.S.C. §1332.

## FACTS COMMON TO ALL COUNTS

6.    Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 5 of this Complaint as if fully set forth herein.

7.    Plaintiff issued policies of workers' compensation insurance to Defendant under Policy No. UB 3B-15246A for the effective dates of January 27, 2014 through January 27, 2015 (the "2014 Policy"), and for the effective dates of January 27, 2015 through January 27, 2016 (the "2015 Policy). The 2014 Policy and the 2015 Policy are hereinafter referenced as the "Policies".

8.    Plaintiff, by way of the Policies, provided insurance coverage for the workers' compensation liabilities of Defendant pursuant to the terms and conditions of the Policies for the effective dates of the Policies.

9.    Initial estimated premiums for the Policies at the time of issuance are based on estimated payroll submitted by Defendant and/or Defendant's insurance broker to Plaintiff. As a result, the Policies are subject to post-expiration audits to determine actual payroll during their effective dates and the final earned premiums chargeable to Defendant. These audits can result in additional premiums owed by Defendant or return premiums payable by Plaintiff.

10.    The total earned premium, including audit premiums for the 2014 Policy is $75,278.

11.    Defendant paid $30,175 towards the 2014 Policy.

12.    The outstanding balance for the 2014 Policy is $44,563 owed by Defendant to Plaintiff.

13.    Defendant refused and failed to comply with an audit of the 2015 Policy.

2

14.     The total earned premium, including estimated audit premiums for the 2015 Policy is $183,176.

15.     Defendant paid $5,807 towards the 2015 Policy.

16.     The outstanding balance for the 2015 Policy is $177,369 owed by Defendant to Plaintiff.

17.     Defendant has failed and refused to remit payment of the remaining $221,932 which it owes to Plaintiff ($44,563 + $177,369).

18.     Prior to filing the instant litigation, Plaintiff demanded payment of the balance owed by Defendant and attempted to collect same without success.

19.     Defendant has failed, refused and continues to refuse to pay the balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $221,932, plus interest, attorney fees and costs.

## COUNT ONE
### (Breach of Contract)

20.     Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21.     The Policies are written contracts.

22.     By failing and refusing to remit payment of the amounts owed to Plaintiff, Defendant has breached these contracts.

23.     As a direct result of Defendant's breaches, Plaintiff has suffered damages in the amount of $221,932, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of $221,932 together with interest, attorney fees, costs and such further relief as this Court deems just and proper.

## COUNT TWO

### (Unjust Enrichment)

24.     Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 19 of this Complaint as if fully set forth herein.

25.     Plaintiff has provided insurance coverage and related services to Defendant for which Defendant has refused to pay.  Defendant, as a result of its refusal, has been unjustly enriched to Plaintiff's detriment.

26.     Plaintiff has repeatedly demanded that Defendant remit payment of the amounts due and owing to Plaintiff.

27.     Defendant has failed, refused and continues to refuse to pay the balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $221,932, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of $221,932 together with interest, attorney fees, costs and such further relief as this Court deems just and proper.

## COUNT THREE
### (Account Stated)

28.     Plaintiff repeats, restates and realleges the allegations of Paragraphs 1 through 23 of this Complaint as if fully set forth herein.

4

29.     Defendant, being indebted to Plaintiff upon accounts stated between them, promised to pay Plaintiff upon demand.

30.     Plaintiff has repeatedly demanded that Defendant remit payment for the amounts owed by Defendant to Plaintiff.

31.     Defendant has failed, refused and continues to refuse to pay the balance due and owing to Plaintiff thereby resulting in damages to Plaintiff in the amount of $221,932, plus interest, attorney fees and costs.

**WHEREFORE**, Plaintiff demands judgment against Defendant in the amount of $221,932 together with interest, attorney fees, costs and such further relief as this Court deems just and proper.

**BRESSLER, AMERY & ROSS, P.C.**
Attorneys for Plaintiff
The Phoenix Insurance Company
325 Columbia Turnpike, Suite 301
Florham Park, New Jersey  07932
Tel:  (973) 514-1200
Fax:  (973) 514-1660
eyablonsky@bressler.com

Dated:  January 19, 2017            By:  Evan Yablonsky, Esq.

5