## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, | Civil Action No. 1:17-cv-00397-DAB |
| Plaintiff, | |
| v. | |
| THE HUDSON GROUP OF NEW JERSEY, LLC, | |
| Defendant. | |

## PLAINTIFF THE PHOENIX INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF WRIT OF EXECUTION

Plaintiff The Phoenix Insurance Company ("Plaintiff") by and through undersigned counsel, pursuant to Rule 69 of the Federal Rules of Civil Procedure and C.P.L.R §§ 5222, 5227, and 5230, hereby submits this Memorandum of Law in support of its Motion for Issuance of Writ of Execution in favor of Plaintiff/Judgment Creditor The Phoenix Insurance Company ("Judgment Creditor") and against Defendant/Judgment Debtor The Hudson Group of New Jersey, LLC ("Judgment Debtor").

## BACKGROUND

On July 10, 2017, this Court entered a Default Judgment against Judgment Debtor in the amount of $1,235,632.87 [D.E. 14] (the "Judgment"). (*See* Aff. of D. Kadian at No. 2.) On July 21, 2017, this office served a copy of the Judgment on Judgment Debtor by United States First-Class Mail with a Notice of Entry of Judgment. (*See Id.* at No. 3, Ex. A.) The Notice of Entry of Judgment was not returned by the United States Post Office as undelivered. (*Id.* at No. 4.)

Additionally, it cannot be disputed that Judgment Debtor is aware of the Judgment against it.  On

December 13, 2017, pursuant to a Subpoena to Testify at a Deposition in a Civil Action, Arthur

Scotto ("Scotto"), managing partner and 50% owner of Judgment Debtor, offered testimony (the

"Deposition").  (*Id.* at No. 5.)  At the Deposition, Scotto testified that a debt is owed to Judgment

Debtor by Empire State Building.  (*See Id.* at No. 6, Ex. B, pg. 74.)

An invoice produced by Scotto and our research reveals that Empire State Building /

ESRT Empire State Building, upon information and belief, is Empire State Realty Trust – ESRT.

(*Id.* at Nos. 7 & 8.)

## PLAINTIFFS ARE ENTITLED TO RELIEF REQUESTED

FRCP 69(a) provides for a money judgment, like Plaintiff's Judgment, to be enforced by

a writ of execution and the procedure on execution and supplementary to be in accordance with

the procedures of the state where the court is located.  Plaintiff moves for issuance of writs of

execution of their Judgment pursuant to C.P.L.R. § 5230 and a turnover order pursuant to

C.P.L.R. § 5225.  Courts in this District permit judgment creditors seeking a turnover order

against someone other than the judgment debtor to file a motion for writ of execution and

turnover order.  JW Oilfield, 2011 WL 507266, at *2.


C.P.L.R.  § 5230(b) provides that:

> At any time before a judgment is satisfied or vacated, an execution may be issued
> from the [court] in the county in which the judgment was first docketed, by the
> clerk of the court or the attorney for the judgment creditor as officer of the court,
> to the sheriffs of one or more counties of the state, directing each of them to
> satisfy the judgment or order out of the real and personal property of the judgment
> debtor for obligor and the debts due to him to her.

Subsection (a) of C.P.L.R. § 5230 provides that the execution direct that only the property in

which a named judgment debtor has an interest be levied upon.

C.P.L.R. § 5225(b) provides that:

Property not in the possession of the judgment debtor.  Upon a special proceeding commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown the judgment debtor is entitled to the possession of such property or that the judgment creditor's rights to the property are superior to those of the transferee, the court ***shall require*** such person to pay the money, or so much of it as is sufficient to satisfy the judgment to the judgment creditor.

(Emphasis added).  Courts recognize that a special proceeding pursuant to C.P.L.R. § 5225 can be brought as a motion under FRCP 69(a), rather that instituting a special proceeding under New York state law. *See S.E.C. v. Colonial Inv. Mngt. LLC*, No. 07 Civ. 8849, 2010 WL 4159276, at *2 (S.D.N.Y. Oct. 6, 2011); JW Oilfield, 2011 WL 507266, at *2 (recognizing the special proceeding is more akin to a motion).  Courts recognize that the language of C.P.L.R. § 5225 dictates that if a judgment creditor can show that the judgment debtor is in possession of or entitled to money or property, a court must order payment or delivery. *See Samuels v. Samuels*, 473 N.Y.S.2d 436, 437 (1st Dep't 1984).

C.P.L.R. § 5201(a) provides, in pertinent part:  "A money judgment may be enforced against any debt, which is past due or which is yet to become due…"  Furthermore, C.P.L.R. § 5227 provides, in pertinent part:  "Upon a special proceeding commenced by the judgment creditor, against any person who it is shown is or will become indebted to the judgment debtor, the court may require such person to pay to the judgment creditor the debt upon maturity, or so much of it as is sufficient to satisfy the judgment…"  Accordingly, the issuance of a writ of execution is warranted as to Empire State Realty Trust – ESRT.

C.P.L.R. § 5230(a) specifies language that must be included in all writs of execution. The proposed writ, with addendum, as to the Empire State Realty Trust - ESRT all include the

language required by C.P.L.R. § 5230(a) and are therefore in compliance with New York State law.

Based on Scotto's Deposition testimony, a debt is due to Judgment Debtor from Empire State Realty Trust - ESRT.  Pursuant to C.P.L.R. § 5227 the Court may require any person indebted or to become indebted to the Judgment Debtor to pay the Judgment Creditor upon maturity.

For the foregoing reasons, The Phoenix Insurance Company respectfully requests that this Court grant the Motion for Issuance of Writ of Execution and direct the Clerk to issue a Writ of Execution to Empire State Realty Trust – ESRT.  A Restraining Notice pursuant to C.P.L.R. § 5222 has already been served on Empire State Realty Trust prohibiting the transfer of debts due.

A United States District Court for the Southern District of New York form of proposed Writ of Execution to Empire State Realty Trust – ESRT is submitted herewith in conformity with C.P.L.R. § 5230.  (*See Id.* at No. 10, Ex. D.)

**BRESSLER, AMERY & ROSS, P.C.**
Attorneys for Plaintiff
The Phoenix Insurance Company
325 Columbia Turnpike, Suite 301
Florham Park, New Jersey  07932
Tel:  (973) 514-1200
Fax:  (973) 514-1660
dkadian@bressler.com


S/  Dennis E. Kadian_____

Dated:  April 5, 2018                          By:  Dennis E. Kadian